COMFORT HOMES, INC., Appellant,

v.

AUTO–OWNERS INSURANCE CO., Respondent.

No. 48277.

Supreme Court of Minnesota.

March 30, 1979.

Gary A. Flatten, Bloomington, for appellant.

Reding & Votel, Terrance W. Votel, James A. Reding, St. Paul, for respondent.

Heard by SHERAN, C. J., and PETERSON and WAHL, JJ., and considered and decided by the court en banc.

SHERAN, Chief Justice.

On January 21, 1976, a mobile home owned by Comfort Homes, Inc., a mobile home dealer, and located on a lot in Mendota, Minnesota, was destroyed by fire. At the time of the loss it was occupied as a residence by Joyce Wharton and her four daughters at a rental of $246 per month. The unit was for sale during Joyce Wharton's residence in it, but no affirmative efforts were made to sell it during her residency which commenced about December 15, 1975. Joyce Wharton had been employed by Comfort since November, 1975, and her duties included the demonstration and sale of mobile homes.

It is agreed that the policy would afford coverage for the loss sustained if at the time of the fire the mobile home was leased to Joyce Wharton "for use principally in the named insured's business * * *." The trial court found that the unit was not leased to Joyce Wharton as a salesperson for use principally in the named insured's business and that the unit was therefore excluded from coverage. The question on appeal is whether this finding conforms with the evidence.

In our opinion, the determination of the trial court should be affirmed. At the time of the fire the principal use of the mobile home was a place of residence for Joyce Wharton and her children. The occupancy of the mobile home for this purpose by a mother and her small children in the middle of winter coupled with the fact that no affirmative efforts were made to show or sell it compelled the finding which the trial court adopted. See, *Hartford Accident & Indemnity Co. v. Casualty Underwriters,* D.C.Minn., 130 F.Supp. 56 (1955).

Affirmed.

OTIS, J., took no part in the consideration or decision of this case.